IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD DEWAYNE HUNT, | | |
| | Petitioner, | No. CIV S-06-2389 GEB GGH P |
| | vs. | |
| CLAUDE E. FINN, | | ORDER AND |
| | Respondent. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

      Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner challenges the legality of his 1990 second degree murder conviction.

      Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

      Court records indicate that petitioner previously filed a petition pursuant to 28 U.S.C. § 2254 challenging the legality of his second degree murder conviction, CIV S-05-0126 DFL GGH P. On March 17, 2006, this action was dismissed as barred by the statute of limitations.

/////

If this is a second or successive petition, petitioner must move in the Ninth Circuit Court of Appeals for an order authorizing this court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). According to the rule set forth in Slack v. McDaniel, a petition will not be deemed a "second or successive" petition for purposes of Section 2244 where the prior petition "was not adjudicated on the merits." See Green v. White, 223 F.3d 1001, 1002 n. 1 (9th Cir. 2000), citing Slack v. McDaniel, 529 U.S. 473, 485-486 (2000). The law is clear that a dismissal based on the statute of limitations is an adjudication on the merits of the claim. See Ellingson v. Burlington Northern Inc., 653 F.2d 1327, 1330 n. 3 (9th Cir. 1981)("[a] judgment based on the statute of limitations is 'on the merits'"); see also Plaut v. Spendthrift Farm, 514 U.S. 211, 228 (1995)("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.") Thus, because petitioner's prior petition was adjudicated on the merits, the instant petition is a "second or successive motion."

Accordingly, the court recommends that this action be dismissed because petitioner has not obtained permission from the Ninth Circuit to proceed with this second or successive petition.

In accordance with the above, IT IS HEREBY ORDERED that petitioner's application to proceed in forma pauperis is granted; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
2  F.2d 1153 (9th Cir. 1991).
3  DATED: 11/27/06                              /s/ Gregory G. Hollows

                                               GREGORY G.  HOLLOWS
                                               UNITED STATES MAGISTRATE JUDGE

6  ggh:kj
   hu2389.dis